**UNITED STATES of America,**
**Appellee,**

v.

**Farooq SHAH, Abid Chaudhry,**
**Defendants–Appellants,**

**Usman Chaudhry, Junaid**
**Iqbal, Defendants.**

No. 02–1600.

United States Court of Appeals,
Second Circuit.

May 12, 2004.

Robert A. Culp, New York, NY, for Appellant.

Celeste L. Koeleveld, Assistant United States Attorney (Marcus A. Asner, Assistant United States Attorney, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, for Appellee, of counsel.

Present: FEINBERG, MESKILL and CABRANES, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendant's appeal be and hereby is **DISMISSED.**

Defendant Farooq Shah, also known as Syed Farooq Ahmed, appeals from a judgment of conviction entered in the District Court on September 19, 2002, following a plea of guilty to one count of conspiracy to distribute and to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.[1] The District Court sentenced Shah principally to a term of 70 months' imprisonment.

Defendant first claims that the District Court erred in holding him responsible for the distribution of between one and three kilograms of heroin, resulting in a base offense level of 32 under U.S.S.G. § 2D1.1. Defendant contends that he was responsible for only 277 grams, and that his corresponding base offense level should be 26. Defendant's counsel made this argument to the District Court at sentencing, but then explicitly "withdr[e]w" it, and agreed with the District Court that 32 was an appropriate base level.

The Supreme Court has distinguished "waiver," the "intentional relinquishment or abandonment of a known right," *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), from "forfeiture," the "failure to make the timely assertion of a right," *id.* Whereas we review a forfeited argument for "plain error," a waived right is unreviewable. *See id.; see also United States v. Thorn,* 317 F.3d 107, 129 n. 16 (2d Cir.2003) (distinguishing waiver from forfeiture with regard to the Government's objection to a

downward departure under the Guidelines); *United States v. Yu–Leung,* 51 F.3d 1116, 1121–22 (2d Cir.1995) ("If ... the party consciously refrains from objecting as a tactical matter, then that action constitutes a true 'waiver,' which will negate even plain error review."). Defendant's counsel clearly and expressly abandoned the argument that defendant was responsible for only 277 grams of heroin–quite possibly in the hopes of convincing the judge to accept a base offense level of 32 (based on one to three kilograms of heroin) rather than the even higher offense level (based on between three and ten kilograms of heroin) that the Government was advocating at sentencing. We therefore cannot review defendant's argument.

Defendant also claims that the District Court should have made a downward departure based on information that defendant suffered from terminal tongue cancer. " '[I]t is well established in this Circuit that a court's decision not to depart from the Guidelines is normally not appealable.' " *United States v. Lainez–Leiva,* 129 F.3d 89, 93 (2d Cir.1997) (quoting *United States v. Brown,* 98 F.3d 690, 692 (2d Cir.1996)). The only exceptions to this rule are "where the defendant shows that a violation of the law occurred, that the Guidelines were misapplied, or that the refusal to depart was based on the sentencing court's mistaken conclusion that it lacked the authority to depart." *Lainez–Leiva,* 129 F.3d at 93. Defendant argues that the District Court erroneously believed that it lacked authority to depart downwardly based on defendant's terminal cancer.

1. Shah's co-defendant Abid Chaudhry also filed a notice of appeal, which was docketed as No. 02–1684. This Court granted Chaudhry's motion to be relieved as counsel, pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and granted the Government's motion for summary affirmance, dismissing Chaudhry's appeal. *See* 02–1684 (2d Cir. Oct. 30, 2003).

We apply a "strong presumption" that "district judges understand the much-discussed processes by which they may, in circumstances permitted by law, exercise discretion to depart from the sentencing range prescribed by the Guidelines calculus." *United States v. Brown,* 98 F.3d 690, 694 (2d Cir.1996). We can find no evidence in the record to overcome such a presumption. Indeed, Judge Rakoff expressly declined to "exercise discretion to grant the departure." His decision not to make a downward departure is therefore unreviewable.

\* \* \* \* \* \*

We have considered all of defendant's arguments and found each of his claims to be unreviewable. Accordingly, defendant's appeal is **DISMISSED.**